NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DUSTIN KEITH BROWN, *Appellant.*

No. 1 CA-CR 25-0420

FILED 08-14-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202300180
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Evan Jacob Ridley
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Brian Y. Furuya joined.

---

G A O N A, Judge:

¶1    Dustin Keith Brown appeals his conviction and sentence for misconduct involving weapons. He argues the rifle and firearm accessories seized during the execution of a search warrant at his home were unlawfully obtained and thus improperly used at trial. Because Brown makes these arguments for the first time on appeal, and neither the parties nor the superior court developed the record with these arguments in mind, we deem them waived and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2    We view the facts "in the light most favorable to upholding the jury's verdicts, resolving all reasonable inferences against the defendant." *State v. Duncan*, 257 Ariz. 360, 366 ¶ 2 (App. 2024).

¶3    In 2023, officers from the Yavapai County Sheriff's Office investigated Brown for harassment and stalking. During their investigation, officers obtained a search warrant to search Brown's home for evidence of those crimes. Officers knew Brown had a prior felony conviction, and believed Brown hadn't yet restored his right to possess firearms when they requested the warrant. While executing the search warrant, officers seized a black powder rifle, ammunition, gun oil, a red funnel, ball ammo, ear protection, targets, ammunition reloading tools, black powder, ammunition boxes, and part of a revolver.

¶4    The State charged Brown with misconduct involving weapons for possessing a firearm as a prohibited possessor under A.R.S. § 13-3102(A)(4), a class 4 felony. *See* A.R.S. § 13-3102(M).

¶5    Brown later moved to suppress, among other items, the rifle and "miscellaneous ammunition and gun parts" ("the evidence") seized during the search warrant's execution. Brown's motion to suppress challenged the warrant itself, arguing it was overbroad, lacked particularity and specificity as to the location and items to be searched, and authorized seizure of items unrelated to the suspected offenses. The motion didn't

challenge anything related to the warrant's execution. At a status conference a month later, and without a response to the motion to suppress from the State, the superior court summarily denied the motion without holding an evidentiary hearing.

¶6            At trial, the State presented (for demonstrative purposes) the rifle and introduced pictures of the rifle and firearm accessories to the jury. Brown didn't object to the rifle's presentation or the pictures' admission into evidence.

¶7            After a two-day trial, the jury found Brown guilty of misconduct with weapons. The superior court, after the jury found aggravating circumstances, sentenced Brown (as a category 3, non-dangerous, repetitive offender) to 8 years' imprisonment with credit for 942 days served.

¶8            Brown appealed and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A).

## DISCUSSION

¶9            Brown doesn't challenge the superior court's denial of his motion to suppress or its decision not to hold an evidentiary hearing. Instead, he argues officers unlawfully obtained the rifle and firearm accessories and that their use at trial was thus improper. Although Brown moved to suppress the evidence before trial, he challenged only the validity of the warrant itself. He argued the warrant was overbroad, lacked particularity, and authorized the seizure of evidence unrelated to the offenses under investigation. On appeal, Brown challenges only the warrant's *execution*, arguing officers unlawfully executed it by exceeding its scope, seizing evidence outside its authorization, and failing to obtain another warrant before seizing the evidence. He also contends the State cannot rely on the plain-view doctrine or other exceptions to the warrant requirement to remedy these problems.

¶10            The State says Brown waived all these arguments by failing to make them below. We agree.

¶11            Generally, "[i]ssues concerning the suppression of evidence which were not raised in the trial court are waived on appeal." *State v. Tison*, 129 Ariz. 526, 535 (1981). That rule applies here. On appeal, Brown challenges the officers' execution of the warrant, but he never presented those arguments to the superior court.

¶12　　　That omission matters because Brown never made the warrant's execution an issue in his suppression motion, during pre-trial proceedings, or at trial. He never alleged officers unlawfully executed the warrant and thus unlawfully seized the evidence. As a result, Arizona Rule of Criminal Procedure 16.2 never required the State to prove those aspects of the search *were lawful* before trial. Ariz. R. Crim. P. 16.2(b) (the State must prove evidence was lawfully obtained under a search warrant only *after* a defendant alleges "specific circumstances and establishes a prima facie case supporting the suppression of the evidence at issue"); *see also State v. Hyde*, 186 Ariz. 252, 265–68 (1996). Because Brown didn't make these arguments, the State didn't have to prove the legality of the evidence's seizure, and the superior court had no opportunity to decide the issue.

¶13　　　Waiver here isn't a mere technicality. Suppression litigation proceeds issue by issue and is inherently fact specific. *See* Ariz. R. Crim. P. 16.1(c) ("court may preclude any *motion, defense, objection, or request* not timely raised" before trial) (emphasis added); Ariz. R. Crim. P. 16.2(b)(2) (defendant must allege "*specific circumstances*") (emphasis added). And courts resolve only the claims the parties litigate on the record they create. *State v. Lietzau*, 248 Ariz. 576, 579 ¶ 8 (2020) (in reviewing a motion to suppress "we consider only the evidence presented at the suppression hearing"); *State v. Rios*, 255 Ariz. 124, 128 ¶ 9 (App. 2023) (where there is no evidentiary hearing, we consider only the parties' motions relating to suppression). Had Brown challenged the warrant's execution, the State could've introduced evidence addressing those arguments and the superior court could've resolved any resulting factual disputes. But Brown didn't challenge the warrant's execution, and those steps never occurred.

¶14　　　The resulting record doesn't allow us to resolve Brown's new arguments. "It is particularly inappropriate to consider an issue for the first time on appeal where the issue is a fact-intensive one." *State v. Brita*, 158 Ariz. 121, 124 (1988). This case illustrates why. Brown's arguments require answers to questions the parties never litigated and the superior court never resolved. How did officers come to encounter the rifle and firearm accessories? Were they in plain view? If so, was their incriminating nature immediately apparent? Did the circumstances permit officers to seize the items without obtaining another warrant? Because Brown never presented those issues below, neither the parties nor the superior court developed the record needed to resolve them.

¶15　　　We thus decline "to resolve [those] issues for the first time on appeal, particularly when the record below was made with no thought in mind of the legal issue[s] to be decided." *Brita*, 158 Ariz. at 124. Doing so

would require us to speculate about factual questions the parties didn't litigate, and the superior court didn't decide.

## CONCLUSION

¶16      We affirm.

